IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02332-LTB

MICHAEL HUPFER,

    Plaintiff,

v.

CAROLINE KAUFMAN

and

MARY HOGAN,

    Defendants.

---

**DEFENDANT MARY HOGAN'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

---

Defendant Mary Hogan ("Hogan"), by and through her undersigned counsel of record, hereby presents her motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the complaint filed by Plaintiff Michael Hupfer ("Hupfer").

**1.    INTRODUCTION**

Hupfer claims that he was defamed by his cousin, Defendant Caroline Kaufman, when she spoke to three of Hupfer's relatives in March 2021 and told them that Hupfer had engaged in "illicit acts with minors" and had "sex with a minor." (Compl. ¶ 21.) Hupfer also alleges that Kaufman caused two individuals to make the same allegations to Hupfer's father. (*Id.* ¶ 21).

1

Hupfer further asserts that Hogan is a private investigator hired by Kaufman and, as part of Hogan's investigation, she contacted four of Hupfer's former business partners and acquaintances "attempting to verify" whether they had knowledge of any "illicit acts with minors." (*Id.* ¶¶ 24-25.) Hupfer alleges two additional contacts wherein Hogan is reported to have said she "is investigating" conduct of Hupfer. (*Id.* ¶¶ 26-27.) No other details of those purported conversations are alleged with any specificity. Hupfer claims that Hogan defamed him during those conversations but there is nothing defamatory about Hogan's alleged statements that she was investigating the allegations purportedly made by Kaufman.[1] Whether Hogan's alleged statements are defamatory may be determined by the Court as a matter of law. As a consequence, the Court should dismiss Hupfer's defamation claim for failure to state a claim pursuant to Fed. R. Civ. P. § 12(b)(6).

In addition to his defamation claims, Hupfer asserts that he suffered "emotional distress" as a consequence of Hogan's (and Kaufman's) allegedly "extreme and outrageous" conduct. (Compl. ¶¶ 32-36, 52-55.) Hogan's alleged statements to third-parties that she was investigating alleged "illicit acts with minors" do not come close to meeting the extremely high level of outrageousness required to create liability. As a consequence, Hupfer's outrageous conduct claim must be dismissed as a matter of law.

---

[1] Kaufman has filed an answer to Hupfer's complaint and denies that she defamed Hupfer. Hogan also denies that she had conversations with the various people she interviewed in the manner described in the Complaint. Hogan is mindful, however, that Hupfer's allegations must be taken as true for purposes of this motion to dismiss.

**2.    STANDARD OF REVIEW FOR MOTION TO DISMISS**

This Court has recently summarized the standard for review for a motion to dismiss in *Mason v. Miro Jewelers, Inc.*, No. 19-cv-02459-LTB-KLM, 2020 WL 6828015, at *1-2 (D. Colo. Mar. 17, 2020) as follows:

> To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556).
>
> "Plausibility" in this context "refer[s] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations omitted).
>
> As a corollary, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading that offers "labels and conclusions" or a formulaic recitation of the elements of a cause of action will not do; nor does the complaint suffice if it tenders "naked assertion[s]" that are devoid of "further factual enhancement." *Id.*, 550 U.S. at 555, 557.
>
> When deciding a motion to dismiss under Rule12(b)(6), the court must assume the truth of all well-pleaded facts in the complaint and draw all reasonable inferences therefrom in the light most favorable to the plaintiff. *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007). Legal conclusions, however, do not receive this treatment. *Iqbal*, 556 U.S. at 678.

### 3.   HUPFER'S ALLEGATIONS AGAINST HOGAN DO NOT STATE A CLAIM FOR DEFAMATION AND HUPFER'S NAKED ASSERTIONS WITHOUT FACTUAL ENHANCEMENTS ARE NOT PLAUSIBLE

Defamation claims must be pled with specificity, including at least naming the individuals to whom the defamatory statements were made and when they were made. *Kelley v. New York Life Ins. and Annuity Corp.*, No. 07–cv–01702–LTB–BNB, 2008 WL 1782647 at * 6 (D. Colo. Apr. 17, 2008)(Babcock, J.) (citing *Walters v. Linhof*, 559 F .Supp. 1231, 1234 (D. Colo.1983)); *see also Banks v. Jackson*, No. No. 20–cv–02074–KMT, 2021 WL 4149618, at *9 (D. Colo. Sept. 13, 2021) (dismissing defamation claims that failed to allege when the allegedly defamatory statement were made and to whom); *Ross v. Gallegos*, No. 13-cv-00831-REB-KLM, 2013 WL 6283910, at *5 (D. Colo. Dec. 3, 2013) ("Because Plaintiff's allegations are naked and devoid of necessary factual enhancement (such as time, place, and even person)…, the Court concludes that Plaintiff fails to meet the standard set forth in Rule 12(b)(6)"); *McDonald v. Wise*, No. 12–cv–2996–JLK, 2013 WL 1855869, at *2 (D. Colo. May 1, 2013) (an allegation such as "[Defendant] reported to City officials and employees that [Plaintiff] sexually harassed her" is plainly insufficient under *Iqbal*, as the nature of the alleged defamatory statement and the essential facts of publication and scienter cannot be inferred); *Carosella v. One World Translation & Associates, Inc.*, No. 16-cv-0805-WJM-KMT, 2017 WL 11545380, at *3 (D. Colo. Mar. 1, 2012) (allegations that fail to identify precisely to whom the alleged defamatory statements were made, the time and place of the publication, and the alleged defamatory words themselves, do not adequately plead a defamation claim).

4

Hupfer's allegations against Hogan fall far short of the required specificity. Hupfer alleges the follow facts against Hogan:

> 24.   On May 20, 2021, a private investigator hired by Ms. Kaufman, Mary P. Hogan, contacted Jerry Shelsta, Mr. Hupfer's former business partner, *attempting to verify* whether Mr. Shelsta and another former business partner, William Deignan, had ever walked in on Mr. Hupfer engaging in illicit acts with a minor.  Mr. Shelsta informed Ms. Hogan he had not and that he had no knowledge of Mr. Hupfer engaging in any illicit acts with minors.
>
> 25.   On May 20, 2021, Ms. Hogan, also contacted William Deignan *attempting to verify* whether Mr. Deignan and Mr. Shelsta ever walked in on Mr. Hupfer engaging in illicit acts with a minor.  Mr. Deignan informed Ms. Hogan they had not and that he had no knowledge of Mr. Hupfer engaging in any illicit acts with minors.
>
> 26.   On May 26, 2021, Ms. Hogan, contacted Colin Eckhoff, the ex-husband of Mr. Hupfer's close friend, and stated that *she is investigating* Mr. Hupfer for allegedly sleeping with minors.
>
> 27.   On May 26, 2021, Ms. Hogan, contacted Trevor Barnes, Mr. Hupfer's childhood friend's grown son, and stated that *she is investigating* Mr. Hupfer for allegedly sleeping with minors.

(Italics added for emphasis).

None of these allegations contain a single defamatory statement of fact or opinion by Hogan.  All these allegations purport to show is that Hogan was "attempting to verify" and "investigating" certain issues involving Hupfer.  Hupfer obviously recognized that these allegations, standing alone, would not constitute a viable claim of defamation against Hogan, so he makes the following generalized and conclusory allegations in an attempt to fill the obvious deficiency:

> 28.   In her communications, Ms. Hogan made the repeated false allegation that Mr. Hupfer had had sex with minors.
>
> 29.   Each individual contacted by Ms. Hogan told other individuals of the malicious and false allegations that Ms. Kaufman made against Mr.

5

> Hupfer.  As a result of Ms. Hogan spreading Ms. Kaufman's malicious and false allegations, those allegations have been shared with a wide network of people.
>
> 30. Ms. Hogan made statements alleging Mr. Hupfer engaged in illicit activities with minors with reckless disregard for whether or not Ms. Kaufman's accusations were false.

Paragraphs 28-30 are the only allegations in the Complaint that assert that Hogan made defamatory statements against Hupfer, ***but nowhere in the Complaint does Hupfer specifically identify the people to whom the alleged defamatory statements in these paragraphs were made or when they were made***.  Hupfer obviously wants the Court to speculate that the clause "In her communications" in paragraph 28 refers to the preceding alleged conversations Hogan had with Messrs. Shelsta, Deigman, Eckoff and Barnes, but there is no foundation whatsoever to support that speculation.  Indeed, paragraph 28 is so transparently invented to create an impression rather than allege a fact, it must be disregarded as implausible on its face.  Quite obviously, if Hupfer had any basis for alleging that Hogan expressly stated that "Mr. Hupfer had had sex with minors" to any of Messrs. Shelsta, Deigman, Eckoff and Barnes, he would have so alleged those facts in the paragraphs describing Hogan's purported conversations with those four individuals.

Perhaps the most implausible aspect of paragraph 28 is that it is wholly inconsistent with the preceding paragraphs wherein Hogan is alleged to have told Messrs. Shelsta, Deignan, Eckhoff and Barnes that she was "investigating" "allegations."  There would be no need for Hogan to conduct an investigation of "allegations" if Mr. Hupfer's alleged "sex with minors" was an established fact or Hogan

stated it as a fact. Adding to the implausibility of paragraph 28, is the fact that Hupfer had no difficulty alleging that Kaufman purportedly made the defamatory statements to specific people at specific times[2]:

> 21. Throughout March 2021, Ms. Kaufman spread the malicious and false accusation that Mr. Hupfer is a pedophile to several other individuals. Ms. Kaufman contacted the following people to spread this malicious accusation:
>
> a. On March 23, 2021, Ms. Kaufman contacted her sister, Mr. Hupfer's cousin, and accused Mr. Hupfer of illicit acts with minors, stated she had video and audio of the same and that her entire family had seen and heard the video.
>
> b. On March 28, 2021, Ms. Kaufman emailed Mr. Hupfer's elderly father, Jim Hupfer, and stated Mr. Hupfer was caught sleeping with three minors and kicked out of her home. She further stated her adult daughter witnessed that alleged event.
>
> \*   \*   \*
>
> d. On March 28, 2021, Ms. Kaufman contacted her brother, who is Mr. Hupfer's cousin, and claimed that Mr. Hupfer's former business partner William Deignan walked in on Mr. Hupfer having sex with a minor. Ms. Kaufman also repeated the allegation that Mr. Hupfer was caught sleeping with three minors and kicked out of her home, and that Ms. Kaufman's adult daughter witnessed that alleged event. Ms. Kaufman also made the false allegation that Mr. Hupfer's sister and her husband told Ms. Kaufman "horror stories" about Mr. Hupfer and minors, and that those same stories were relayed by their adult daughter and son to Ms. Kaufman's adult daughter.

Hupfer's failure to allege that Hogan stated a defamatory fact to a specific person at a specific time (as he does with respect to Kaufman) not only falls short of the

---

[2] Again, Hogan does not intend to imply that any of the allegations against Kaufman are true, and as noted in fn1 above, Kaufman has filed an answer specifically denying Hupfer's allegations. Instead, the purpose of highlighting those allegations in this context is solely to illustrate the implausibility of the allegations against Hogan in paragraph 28 which are untethered to or from any specific people or times.

minimal specificity the law requires, but also makes the defamation claim against Hogan completely implausible and worthy of dismissal as a matter of law.

## 4.     HUPFER'S "OUTRAGEOUS CONDUCT" CLAIM FAILS AS A MATTER OF LAW

To state such a claim, "[o]utrageous conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Destefano v. Grabrian*, 763 P.2d 275, 286 (Colo.1988) (internal quotations and citations omitted). "Although the question whether conduct is outrageous is generally one of fact to be determined by a jury, it is the initial responsibility of a court to determine whether reasonable persons could differ on the question." *McCarty v. Kaiser–Hill Co., L.L.C.*, 15 P.3d 1122, 1126 (Colo.App.2000).

Hogan is only alleged to have contacted four individuals as a private investigator to investigate serious allegations of possible illicit acts with minors. The exercise of Hogan's right to investigate claims by lawful means cannot constitute outrageous conduct as a matter of law, even if she knew it was likely that Hupfer would experience emotional distress. *See Yaklich v. Grand County*, No. 05-cv-01081-LTB-OES, 2005 WL 8165237 at *9 (D. Colo. Nov. 15, 2005) (Babcock, J.) ("It is axiomatic that an exercise of one's rights by lawful means cannot constitute outrageous conduct, even if one knows that emotional distress is likely to result" (*quoting Bigby v. Big 3 Supply Co.*, 937 P.2d 794, 800 (Colo. App. 1996)). Hupfer does not allege that Hogan was investigating the

alleged conduct in an unlawful manner, and it is self-evident that Hogan's investigation of such serious issues involving minors was imminently proper.

Even if the impetus to investigate Hupfer was without basis (which is disputed), Hogan's investigation of a hypothetically baseless allegation cannot possibly be construed as "outrageous conduct" in any event.  Such hypothetical conduct is far less egregious than the wrongful and aggravated conduct this Court has found in other cases does not meet the extreme standard of outrageousness.  *See Mondragon v. Adams County School District No. 14*, No. 1:16–cv–01745–LTB–KMT, 2017 WL 733317 at *3, *15 (D. Colo. Feb. 24, 2017) (Babcock, J.) (after outside expert determined that a school had engaged in discriminatory practices, the school superintendent surreptitiously accessed the expert's computer and changed her report and repeatedly called the expert's estranged husband and falsely told him that the expert was having an affair and was engaged in various underhanded behavior and would be reprimanded.  Such conduct is still not sufficiently outrageous as a matter of law) (*citing Gordon v. Boyles*, 99 P.3d 75, 78, 82 (Colo. App. 2004) wherein the court held that accusing a police officer of stabbing another officer, engaging in domestic violence, and having an affair was not extreme and outrageous conduct)); see also *Dalton v. Countrywide Home Loans, Inc.,* 828 F.Supp.2d 1242, 1252 (D. Colo. 2011) (Babcock, J.)(extreme oral abuse of mortgagor by mortgagee was not sufficiently outrageous). *Compare Hamilton v. Matrix Logistics, Inc.*, No. Civ.A. 05–CV–00757, 2006 WL 318662 at *2 (D. Colo. Feb. 9, 2006)(Babcock, J.)(terminating an employee based on false allegations that he had sexually harassed a male co-worker when the real reason for his

termination was retaliation for his assistance in his wife's pursuit of a sexual harassment claim against Defendants was extreme and outrageous).

Here, even if Kaufman's alleged allegations against Hupfer of illicit conduct with minors was without basis (which is disputed), Hogan's investigation of those allegations cannot possibly be construed as "outrageous conduct" and is certainly less egregious than conduct this Court found was not actionable as a matter of law in *Mondragon, Gordon* and *Dalton*.

For all of the foregoing reasons, Hupfer's claim of "outrageous conduct" resulting in emotional distress must be dismissed as a matter of law.

## 5. CONCLUSION

For all of the foregoing reasons, Defendant Hogan respectfully requests that this Court grant Hogan's motion to dismiss the SECOND and THIRD claims for relief as against Hogan.

Dated: October 22, 2021                    PETER SCHAFFER PC

                                           By: _____
                                             Peter Schaffer

                                           400 S. Steele St., Unit 47
                                           Denver, Colorado 80209
                                           Telephone: (720) 998-8880
                                           Facsimile: (303)282-0988
                                           peterschaffer8@gmail.com

                                           *Attorney for Defendant Mary Hogan*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 22nd day of October, 2021, a true and correct copy of **DEFENDANT MARY HOGAN'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** was filed and served using the CM/ECF system, on the following:

Howard O. Bernstein
1111 Pearl Street, Suite 203
Boulder, Colorado 80302
howard@bernsteinattorney.com
*Attorney for Plaintiff*

                                                */s/Peter Schaffer*
                                                Peter Schaffer