IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:21-cv-2332-LTB

MICHAEL HUPFER,

  Plaintiff,

v.

CAROLINE KAUFMAN,

and

MARY HOGAN,

  Defendants.

---

**PLAINTIFF'S RESPONSE TO DEFENDANT MARY HOGAN'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

---

  COMES NOW, Plaintiff Michael Hupfer ("Mr. Hupfer"), by and through his attorneys, Howard O. Bernstein, P.C., who files this Plaintiff's Response to Defendant Mary Hogan's Motion to Dismiss Plaintiff's Complaint as follows:

### I.  Introduction

  Defendant Mary Hogan ("Defendant Hogan" or "Ms. Hogan") brings her Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss"). *See* Dkt. 11. Prior to filing her Motion to Dismiss (Dkt. 11), Ms. Hogan filed Dkt. 10, which is filed as a Motion to Dismiss, but is actually a refiling of Defendant Caroline Kaufman's Answer. The document docketed as Dkt. 10 is not a Motion to Dismiss that requires a response and, as such, will not be responded to by Plaintiff.

In her Motion to Dismiss (Dkt. 11), Ms. Hogan argues that Mr. Hupfer has not alleged sufficient facts to meet the pleading standard for a claim of Defamation. Ms. Hogan further alleges that the facts as pled by Mr. Hupfer do not meet the first element of extreme and outrageous conduct.

Mr. Hupfer has sufficiently pled all the elements of his claims in addition to providing sufficient factual allegations to support and demonstrate his claims against Ms. Hogan in his Complaint (the "Complaint"). *See* Dkt. 1. In doing so, Mr. Hupfer has met the legal threshold for bringing his claims against Ms. Hogan. Ms. Hogan's Motion to Dismiss must fail in its entirety.

## II. Standard of Review Under Fed. R. Civ. P. 12(b)(6)

"'The Court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.'" *Gilbert v. United States Olympic Comm.*, 423 F. Supp. 3d 1112, 1125 (D. Colo. 2019); *citing Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citations omitted). The plausibility standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In evaluating a motion to dismiss, a court must "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the

light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). (citation omitted).

Although to survive a motion to dismiss a complaint must contain more than mere "[t]hreadbare recitals of the elements of a cause of action," or "conclusory allegations without notice of the factual grounds on which they purport to be based," a plaintiff is not required to plead all of the facts necessary to meet Plaintiff's burden at trial. *Iqbal*, 556 U.S. at 677-78; *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (holding that a complaint need not include all facts necessary to meet the plaintiff's burden). Rather, a plaintiff must allege facts that are sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### III. Defendant Hogan's Challenge to Plaintiff's Claim for Defamation

*a. Plaintiff's claim for defamation against Ms. Hogan is pled with sufficient specificity.*

Ms. Hogan alleges that Mr. Hupfer's claim for defamation against her is not pled with specificity such that it states a claim for which relief may be granted. *See* Motion to Dismiss (Dkt.11), p.4. Defendant Hogan argues that "Defamation claims must be pled with specificity, including at least naming the individuals to whom the defamatory statements were made and when they were made." *Id*, citing *Kelley v. New York Life Ins. And Annuity Corp.* No. 07-CV-01702-LTB-BNB, 2008 WL 1782647 at *6 (D.C. Colo. April 17, 2008).

On the very next page of Defendant Hogan's Motion, Defendant Hogan cites paragraphs 24, 25, 26, and 27 of Mr. Hupfer's Complaint (Dkt. 1), each of which expressly provide 1) the names of individuals to whom defamatory statements were made; 2) when those statements were made; and 3) explained in detail what statements were made that are defamatory in nature,

including responses from the persons to whom the defamatory statements were made. *See* Motion to Dismiss (Dkt. 11), p.5.

Paragraph 24 of the Complaint specifically sets forth the date as May 20, 2021, states that Ms. Hogan contacted Jerry Shelsta, and outlines the defamatory statement as accusing Mr. Hupfer of engaging in illicit acts with minors. *See* Dkt. 1, ¶24. Paragraph 25 of the Complaint specifically sets forth the date as May 20, 2021, states that Ms. Hogan contacted William Deignan, and outlines the defamatory statement as accusing Mr. Hupfer of engaging in illicit acts with minors. *See* Dkt. 1, ¶25. Paragraph 26 of the Complaint specifically identifies the date as May 26, 2021, states that Ms. Hogan contacted Colin Eckhoff, and outlines the defamatory statement as accusing Mr. Hogan of sleeping with minors. *See* Dkt. 1, ¶26. Paragraph 27 of the Complaint specifically identifies the date as May 26, 2021, states that Ms. Hogan contacted Trevor Barnes, and outlines the defamatory statement as accusing Mr. Hogan of sleeping with minors. *See* Dkt. 1, ¶27.

Paragraphs 28, 29, and 30 of the Complaint (Dkt. 1) state facts that clearly reference and provide additional factual support for the facts set forth in the Complaint at Paragraphs 24-27. If this connection and reference is not clear in the Complaint or puts Mr. Hupfer's claims in jeopardy as drafted, such is easily remedied and justice served through amendment of the Complaint.

When reading Mr. Hupfer's Complaint in its entirety, each allegation of a defamatory statement is supported with facts that are known either personally or upon information and belief by Mr. Hupfer. Mr. Hupfer does not have to plead every single fact related to the defamatory statements in his Complaint. Rather, Mr. Hupfer need only plead facts sufficient to raise the

probability that such statements were made and were of a defamatory nature above speculation. *See Twombly*, 550 U.S. at 555.

Defendant Hogan, by citing several cases setting forth the need to state the time and person to sufficiently plead a defamation claim, attempts to make the argument that Mr. Hupfer falls short of this standard. Ms. Hogan undermines her own argument when she cites sections of Mr. Hupfer's Complaint that expressly provide the *time* and the *person* to whom the defamatory remarks about Mr. Hupfer were said. By Ms. Hogan's own argument and cited case law, Mr. Hupfer has sufficiently pled his claim of defamation against Ms. Hogan.

Mr. Hupfer goes well beyond threadbare recitals of what Colorado courts have required for a well-pled claim of defamation. *See Iqbal*, 556 U.S. at 677-78. The facts pled in Mr. Hupfer's Complaint, for the purposes of Ms. Hogan's Motion to Dismiss, enjoy an assumption of truth and the benefit of the court viewing each fact in the light most favorable to him. *Ridge at Red Hawk*, 493 F.3d at 1177. In applying this standard, the court evaluates whether Mr. Hupfer has met his burden to plead with sufficient specificity so as to raise the right of relief above a speculative level. There is no speculation around *what* statements were made by Ms. Hogan, *to whom* those statements were made, and *when* Ms. Hogan made them, which Mr. Hupfer alleges are defamatory. As such, Mr. Hupfer has pled sufficient detail to raise a reasonable expectation that discovery will reveal evidence of illegal conduct.

b. *The Statements made by Ms. Hogan are Defamatory on their face and cannot be couched as harmless questions in an investigation.*

Ms. Hogan further argues that the statements she made to Jerry Shelsta, William Deignan, Colin Eckhoff, and Trevor Barnes do not "contain a single defamatory statement of fact

or opinion by Hogan." Motion to Dismiss (Dkt. 11), p.5. Ms. Hogan attempts to cloak her defamatory remarks about Mr. Hupfer under the guise of a harmless "investigation." "Defamation is a communication holding an individual up to contempt or ridicule that causes the individual to incur injury or damage." *Gordon v. Boyles*, 99 P.3d 75, 78 (Colo. App. 2004). Further, "a statement is per se defamatory when it carries its defamatory imputation on its face and is specifically directed at a specific person." *Examination Bd. of Prof'l Home Inspectors v. Int'l Ass'n of Certified Home Inspectors*, 519 F. Supp. 3d 893, 913 (D. Colo. 2021) (internal citations excluded).

Ms. Hogan seeks to hide behind her false statements directed at Mr. Hupfer that he engaged in inappropriate sexual relations with minors by couching them as innocent questions. However, the manner in which Ms. Hogan's statements were made to the individuals identified in the Complaint caused her statements to carry their defamatory imputation on their face. *See Examination of Bd. of Prf'l Home Inspectors*, 519 F. Supp.3d at 913. By way of example and not exception, Ms. Hogan's statement that she is "attempting to verify whether Mr. Deignan and Mr. Shelsta ever walked in on Mr. Hupfer engaging in illicit acts with a minor" (*see* Complaint (Dkt. 1), ¶25) gives rise to the inference that Mr. Hupfer has engaged in these illicit acts and that there are underlying facts that justify the statements made by Ms. Hogan. To "verify" is to "establish the truth, accuracy or reality of." "Verify." Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/verify. Ms. Hogan's statement that she is "verifying" illicit sexual conduct with a minor by Mr. Hupfer on its face implies that the underlying event is true, when in fact it is not. Even if a statement is an expression of opinion or of alleged curiosity, those statements "are still slanderous per se because these words 'gave rise

to the inference that there are undisclosed facts that justify the forming of the opinion expressed.'" *Dorr v. C.B. Johnson, Inc.*, 660 P.2d 517, 520 (Colo. App. 1983).

Ms. Hogan, if she was truly conducting an "investigation," should have simply asked Mr. Shelsta, Mr. Deignan, Mr. Eckhoff, and Mr. Barnes whether they have ever experienced or witnessed any untoward behavior by Mr. Hupfer. This more appropriate approach of conducting an investigation would result in the same response from those individuals without outwardly accusing Mr. Hupfer of illegal sex crimes that needed to be "verified" or "investigated." Instead, Ms. Hogan accused Mr. Hupfer of illegal sex crimes against minors to persons of significant importance in Mr. Hupfer's life. Dkt.1 at ¶¶24-30. Ms. Hogan's statements, as outlined in the Complaint, constitute communications holding Mr. Hupfer up to contempt or ridicule from friends, family, and business colleagues that caused Mr. Hupfer to incur injury or damage. *See Gordon,* 99 P.3d at 78. The manner in which Ms. Hogan made her statements to Mr. Shelsta, Mr. Deignan, Mr. Eckhoff, and Mr. Barnes were such that she imputed to Mr. Hupfer the commission of a crime. *See Dorr*, 660 P.2d at 520. Ms. Hogan's statements, as set forth in the Complaint, must be evaluated in a manner that presumes Mr. Hupfer's characterization of the statements are true and in the light most favorable to him. In applying this standard, Mr. Hupfer's Complaint survives the Motion to Dismiss, as Ms. Hogan's statements are slanderous *per se*. *Id*.

c. *Defendant Hogan improperly attempts to argue the facts of Mr. Hupfer's Complaint.*

Aside from an evaluation of whether Mr. Hupfer has pled facts sufficient to bring his claim of defamation against Ms. Hogan above the speculative level, analysis and argument of the facts themselves is not appropriate for a Motion to Dismiss. *See Bd. of County Comm'Rs of La Plata v. Brown Group Retail*, Inc., 2009 WL 1108463 at 4 (D. Colo. 2009). Defendant Hogan's

attempt to argue the facts alleged in Plaintiff's Complaint is misplaced, as such factual arguments "should not be made in the context of a Rule 12(b)(6) motion." *Id*.

Ms. Hogan's factual arguments are premature as the parties have yet to engage in Fed. R. Civ. P. 26(a) disclosures, written discovery, and depositions, which will further result in evidence and facts supportive of Mr. Hupfer's claims.

*d. Ms. Hogan's Motion to Dismiss Fails as it Applies to Mr. Hupfer's Claim of Defamation*

Mr. Hupfer has set forth sufficient facts that, when assumed true and viewed in the light most favorable to him, set forth a *prima facie* case for Defamation against Ms. Hogan. As such, Mr. Hupfer has met, and arguably exceeded, the standard necessary to plead his claim against Ms. Hogan. Ms. Hogan cannot use a Motion to Dismiss to argue the facts as Mr. Hupfer has pled them. Ms. Hogan's Motion to Dismiss as it applied to Mr. Hupfer's claim of Defamation against her must fail.

## IV.  Defendant Hogan's Challenge to Plaintiff's Claim for Extreme and Outrageous Conduct

*a. Mr. Hupfer sufficiently pleads facts that a reasonable person may consider Ms. Hogan's actions extreme and outrageous.*

Mr. Hupfer's Complaint pleads facts that, when given the presumption of truth and viewed in the light most favorable to him, establish a prima facie case for extreme and outrageous conduct against Ms. Hogan. *See* Dkt. 1. To plead a claim for outrageous conduct, Mr. Hupfer must show that "(1) the defendant engaged in extreme and outrageous conduct, (2) recklessly or with the intent of causing the plaintiff severe emotional distress, and (3) causing the Plaintiff severe emotional distress." *Zueger v. Goss*, 343 P.3d 1028, 1037 (Colo. App. 2014).

*Citing Green v. Qwest Servs. Corp.*, 155 P.3d 383, 385 (Colo. App. 2006). Defendant Hogan only disputes whether Mr. Hupfer has sufficiently pled facts so as to meet the first element of extreme and outrageous conduct. Mr. Hupfer pleads facts in his Complaint that go well beyond a mere recital of the elements and are sufficient to survive Ms. Hogan's Motion to Dismiss. Ms. Hogan's Motion to dismiss fails.

The question of whether Ms. Hogan's "conduct is outrageous is generally one of fact to be determined by a jury." *Id, citing Culpepper v. Pearl St. Bldg., Inc.*, 877 P.2d 877, 883. A court, however, may first make a determination as to "whether reasonable persons could differ on the question" of whether Ms. Hogan's conduct is extreme and outrageous. *Id*.

In evaluating the first element and asking whether a reasonable person may differ on the question of whether conduct is extreme and outrageous, "the Colorado Supreme Court has explained that the conduct must be:

> [S]o outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

*Gilbert*, 423 F. Supp. 3d at 1151; *citing Churchey v. Adolph Coors Co.*, 759 P.2d 1336, 1350.

Mr. Hupfer, in the facts of his Complaint, explicitly alleges with specificity that Ms. Hogan made false statements to his friends, family, and business colleagues when she accused

Mr. Hupfer of engaging in sexual misconduct with minors. Ms. Hogan has spread false statements and falsely imputed to Mr. Hupfer the commission of a crime against children. "There is no doubt that…'[t]he sexual abuse of a child is a most serious crime and an act repugnant to the moral instincts of a decent people.'" *Packingham v. North Carolina*, 137 S. Ct. 1730, 1736 (2017); citing *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 244 (2002). Where crimes against children are of the most serious crimes, falsely stating that someone has engaged in such a repugnant crime must go beyond all possible bounds of decency and should be regarded as atrocious and utterly intolerable in our civilized community.

Ms. Hogan went above and beyond a mere "investigation," as alleged by Defendant Hogan, when she made statements to Mr. Shelsta, Mr. Deignan, Mr. Eckhoff, and Mr. Barnes of such nature that Ms. Hogan imputed to Mr. Hupfer the commission of a crime against children. Ms. Hogan's statements to Mr. Shelsta, Mr. Deignan, Mr. Eckhoff, and Mr. Barnes carried their defamatory imputation on their face and were specifically directed at Mr. Hupfer.

The gravity and implications of telling Mr. Hupfer's friends, family, and business colleagues that she needs to verify that Mr. Hupfer engaged in sexual misconduct with minors are such that his reputation in his community becomes that of someone who has committed the most serious crime in the eyes of decent people. Ms. Hogan's statements, as set forth in paragraphs 24-30 of the Complaint, give rise to the inference that there are undisclosed facts that justify the statement that Mr. Hupfer engaged in illicit acts with minors.

Applying the earlier analysis of how Ms. Hogan could have conducted a legitimate investigation had she or Caroline Kaufman actually believed the vitriol they were spreading, Ms. Hogan could have approached the sensitive manner in a way that did not outrightly impute sex crimes against children on Mr. Hupfer. A reasonable person learning that someone, especially a

private investigator that carries a level of trust in the community, wrongly, falsely, and recklessly imputed upon Mr. Hupfer the crime of illicit sexual conduct with minor children would certainly lead that reasonable person to exclaim "Outrageous!"

Ms. Hogan's Motion to Dismiss Mr. Hupfer's claim for Extreme and Outrageous conduct must fail as a reasonable person may view Ms. Hogan's conduct, as pled in the Complaint, to be extreme and outrageous.

Defendant Hogan does not dispute whether Mr. Hupfer has sufficiently pled facts to demonstrate the other two elements of extreme and outrageous conduct. As such, Mr. Hupfer will affirm that he has sufficiently pled all three elements of extreme and outrageous conduct, but will not brief the two elements not in dispute.

## V. CONCLUSION

None of Defendant Hogan's arguments that Mr. Hupfer's claims against her should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) are sufficient to warrant dismissal. The detailed allegations in Mr. Hupfer's Complaint, when accepted as true and viewed in the light most favorable to Mr. Hupfer, establish plausible claims of defamation (Second Claim for Relief) and extreme and outrageous conduct (Third Claim for Relief) against Ms. Hogan. None of Mr. Hupfer's claims should be dismissed and Ms. Hogan's Motion to Dismiss must be DENIED. In the alternative, Mr. Hupfer asks this Court to permit him to Amend his Complaint if the Court finds that the facts as pled are insufficient.

Respectfully submitted this 12th day of November, 2021.

                                          HOWARD O. BERNSTEIN, P.C.

                                        */s/ Christine E. Breen, Esq.*
                                        Howard O. Bernstein, Atty. No. 24476
                                        Christine E. Breen, Atty. No. 43769
                                        1111 Pearl Street, Suite 203
                                        Boulder, Colorado 80302
                                        Tel:      (303) 494-3321
                                        Fax:     (303) 544-5955
                                        e-mail:   howard@bernsteinattorney.com
                                                             christine@bernsteinattorney.com

# CERTIFICATE OF SERVICE

   I, the undersigned, hereby certify that **PLAINTIFF'S RESPONSE TO DEFENDANT MARY HOGAN'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** was filed and served via CM/ECF to the following on this 12th day of November 2021:

*Attorneys for Defendant Caroline Kaufman:*

Adam B. Stern
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Telephone: 303-861-7000
adam.stern@bclplaw.com

LOUIS R. MILLER (admission forthcoming)
CASEY B. SYPEK (admission forthcoming)
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400
Email: smiller@millerbarondess.com
Email: csypek@millerbarondess.com


*Attorney for Defendant Mary Hogan:*

Peter Schaffer
PETER SCHAFFER PC
400 S. Steele St., Unit 47
Denver, Colorado 80209
Telephone: (720) 998-8880
Facsimile: (303)282-0988
peterschaffer8@gmail.com


             */s/Christine E. Breen*
             Christine E. Breen, Esq.