# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No. 1:21-cv-2332-LTB-STV

MICHAEL HUPFER,

       Plaintiff,

v.

CAROLINE KAUFMAN,

and

MARY HOGAN,

       Defendants.

---

## SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCE OF COUNSEL

The Scheduling Conference in the above captioned case was held telephonically on January 13, 2022 at 9:45am before Magistrate Judge Scott T. Varholak. Appearing on behalf of Plaintiff Michael Hupfer were Christine E. Breen, Esq. and Howard O. Bernstein, Esq. of Howard O. Bernstein P.C. Casey B. Sypek, Esq. and Alvaro Peralta of Miller Barondess, LLP appeared on behalf of Defendant Caroline Kaufman and Peter Schaffer, Esq. appeared on behalf of Defendant Mary Hogan.

### 2. STATEMENT OF JURISDICTION

This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 as complete diversity exists between the parties and the matter in controversy exceeds the $75,000.00 jurisdictional minimum for diversity cases, exclusive of interest and costs.

### 3.  STATEMENT OF CLAIMS AND DEFENSES

**a.  Plaintiff:**

Plaintiff Michael Hupfer ("Mr. Hupfer") is a private person who brings this action against Defendant Caroline Kaufman ("Ms. Kaufman") and Defendant Mary Hogan ("Ms. Hogan") for damages as a result of the slanderous defamatory per se statements Ms. Kaufman and Ms. Hogan knowingly published about Mr. Hupfer to his close friends, family, and business associates. Mr. Hupfer also seeks damages against Ms. Kaufman and Ms. Hogan for outrageous conduct related to the severity of the false accusations they made against Mr. Hupfer to his close friends, family, and business associates. Mr. Hupfer seeks damages against Ms. Kaufman for harassment based on her pattern of repeatedly falsely accusing him of being a pedophile, threatening to have him arrested, and intimidating him.

Plaintiff Michael Hupfer (Mr. Hupfer) and Defendant Caroline Kaufman ("Ms. Kaufman") are first cousins. Ms. Kaufman is the widow of Howard Kaufman of HK Management, who managed artists and music groups such as Jimmy Buffett, Chicago, Aerosmith, Def Leppard and Lenny Kravitz. On March 23, 2021, Ms. Kaufman texted Mr. Hupfer and maliciously accused him of being a pedophile. Ms. Kaufman's accusations against Mr. Hupfer are false and unfounded. Ms. Kaufman has a history of using her late husband's money, power, and influence to bully and intimidate other family members.

Following her initial accusation, Ms. Kaufman engaged in a pattern of harassment, repeatedly contacting Mr. Hupfer and people who know him, and making slanderous and obscene accusations against him. Specifically, Ms. Kaufman made the following false accusations:

a.  That Mr. Hupfer is a pedophile;

b.  That Ms. Kaufman has surveillance video and audio footage of him performing sexual acts with minors;

c.  That Ms. Kaufman's entire family has seen the alleged videos and heard the audio;

d.  That William Deignan and Jerry Shelsta walked in on Mr. Hupfer having sex with a minor;

e.  That Howard Kaufman, Ms. Kaufman's late husband, kicked Mr. Hupfer out of their house after catching him sleeping with three minors;

f.  That Ms. Kaufman's daughter witnessed Mr. Hupfer thrown out of their home by her father after Mr. Hupfer was caught sleeping with minors;

g.  That Mr. Hupfer's sister and her husband told Ms. Kaufman "horror stories" of Mr. Hupfer engaging in illicit acts with minors, and that their adult children relayed the same stories to Ms. Kaufman's daughter.

h.  That there are "nasty photos" of Mr. Hupfer with minors.

All of the accusations made by Ms. Kaufman against Mr. Hupfer are false. Ms. Kaufman knew the accusations she made against Mr. Hupfer were false when she made them. Ms. Kaufman's accusations were purposefully insulting, taunting, and provoking to Mr. Hupfer and made with the intent to harass him.

On March 23, 2021, Ms. Kaufman texted Mr. Hupfer and threatened him not to get her sister involved or she would contact an alleged FBI Special Agent named Peter Callaghan ("Agent Callaghan") and have Mr. Hupfer arrested. On March 28, 2021, Ms. Kaufman left Mr. Hupfer a threatening voicemail stating Agent Callaghan would be contacting his parents

that evening. Later that same day, Ms. Kaufman left a second threatening voicemail for Mr.

Hupfer stating that she has nothing to lose and that he cannot do anything to her. Each one of

Ms. Kaufman's communications with Mr. Hupfer, beginning with the text on March 23,

2021, has caused him significant emotional distress, which is ongoing.

Throughout March 2021, Ms. Kaufman spread the malicious and false accusation that

Mr. Hupfer is a pedophile to several other individuals. Ms. Kaufman contacted the following

people to spread her malicious accusations:

a.  On March 23, 2021, Ms. Kaufman contacted her sister, Mr. Hupfer's cousin, and

   accused Mr. Hupfer of illicit acts with minors, stated she had video and audio of

   the same and that her entire family had seen and heard the video.

b.  On March 28, 2021, Ms. Kaufman emailed Mr. Hupfer's elderly father, Jim

   Hupfer, and stated Mr. Hupfer was caught sleeping with three minors and kicked

   out of her home. She further stated her adult daughter witnessed that alleged

   event.

c.  On March 28, 2021, Ms. Kaufman emailed Jim Hupfer again to state Agent

   Callaghan would be happy to meet with him.

d.  On March 28, 2021, Ms. Kaufman contacted her brother, who is Mr. Hupfer's

   cousin, and claimed that Mr. Hupfer's former business partner William Deignan

   walked in on Mr. Hupfer having sex with a minor. Ms. Kaufman also repeated the

   allegation that Mr. Hupfer was caught sleeping with three minors and kicked out

   of her home, and that Ms. Kaufman's adult daughter witnessed that alleged event.

   Ms. Kaufman also made the false allegation that Mr. Hupfer's sister and her

   husband told Ms. Kaufman "horror stories" about Mr. Hupfer and minors, and

that those same stories were relayed by their adult daughter and son to Ms.

Kaufman's adult daughter.

e.   On March 28, 2021, Ms. Kaufman told her brother that she had shared the

malicious accusations about Mr. Hupfer with Jimmy Buffett.

Ms. Kaufman knew that her accusations against Mr. Hupfer were false when she shared

them with the individuals above. On March 28, 2021, two individuals, who were upon

information and belief acting in coordination with and at the direction of Ms. Kaufman,

called Jim Hupfer impersonating federal law enforcement officers. They alleged there were

photographs of Mr. Hupfer engaging in illicit acts with minors and stated the FBI will be

arresting him within 24 hours.

On May 20, 2021, a private investigator hired by Ms. Kaufman, Mary P. Hogan ("Ms.

Hogan"), contacted Jerry Shelsta, Mr. Hupfer's former business partner, attempting to verify

whether Mr. Shelsta and another former business partner, William Deignan, had ever walked

in on Mr. Hupfer engaging in illicit acts with a minor. Mr. Shelsta informed Ms. Hogan he

had not and that he had no knowledge of Mr. Hupfer engaging in any illicit acts with minors.

On May 20, 2021, Ms. Hogan, also contacted William Deignan attempting to verify whether

Mr. Deignan and Mr. Shelsta ever walked in on Mr. Hupfer engaging in illicit acts with a

minor. Mr. Deignan informed Ms. Hogan they had not and that he had no knowledge of Mr.

Hupfer engaging in any illicit acts with minors.

On May 26, 2021, Ms. Hogan contacted Colin Eckhoff, the ex-husband of Mr. Hupfer's

close friend, and stated that she is investigating Mr. Hupfer for allegedly sleeping with

minors. On May 26, 2021, Ms. Hogan contacted Trevor Barnes, Mr. Hupfer's childhood

friend's grown son, and stated that she is investigating Mr. Hupfer for allegedly sleeping with minors. In her communications with individuals close to and who know Mr. Hupfer, Ms. Hogan made the repeated false allegation that Mr. Hupfer had had sex with minors.

Each individual contacted by Ms. Hogan told other individuals of the malicious and false allegations that Ms. Kaufman made against Mr. Hupfer. Each individual contacted by Ms. Hogan told other individuals of the malicious and false allegations that Ms. Kaufman made against Mr. Hupfer. As a result of Ms. Hogan spreading Ms. Kaufman's malicious and false allegations, those allegations have been shared with a wide network of people. Ms. Hogan made statements alleging Mr. Hupfer engaged in illicit activities with minors with reckless disregard for whether or not Ms. Kaufman's accusations were false. At all times, Ms. Kaufman's accusations have been false. Mr. Hupfer has never, and would never, engage in the type of conduct of which Ms. Kaufman has accused him.

The dissemination of the malicious and false allegations against Mr. Hupfer has caused, and continues to cause, him significant emotional distress and has strained his relationships with friends and family. Mr. Hupfer has also suffered significant professional harm because of the malicious and false allegations against him. Ms. Kaufman has intentionally sought to harm Mr. Hupfer's professional reputation by contacting others within the industry, like Jimmy Buffett and his previous business partners. The reputational harm caused by Ms. Kaufman's accusations is far reaching, impacting all areas of Mr. Hupfer's life. Mr. Hupfer has had significant reduction in his client work because of the allegations against him and their impact on his life, resulting in lost earnings.

Because of Ms. Kaufman and Ms. Hogan's dissemination of the malicious and false

accusations against Mr. Hupfer, he has experienced depression, stress, and sleep disorder. Mr. Hupfer is seeking treatment for depression, stress, sleep disorder, and other negative health impacts caused by the malicious and false allegations. Ms. Kaufman and Ms. Hogan have knowingly and intentionally spread the malicious and false allegations against Mr. Hupfer knowing they were false and with reckless disregard for the truth. Mr. Hupfer has not been charged with any crime by law enforcement and there are no open investigations against him.

Mr. Hupfer brings a claim of Slander Per Se against Ms. Kaufman. Ms. Kaufman caused several accusations asserting Mr. Hupfer is a pedophile to be published to multiple third parties and circulated widely through Mr. Hupfer's family, friends, and professional network. Ms. Kaufman's accusations have caused Mr. Hupfer actual damage, including reputational harm, emotional harm, deteriorated health, and damage to his personal and business relationships. The substance of Ms. Kaufman's accusations are false. Ms. Kaufman knew at the time she was making the accusations against Mr. Hupfer that those allegations were false and made the accusations with the intent of causing Mr. Hupfer significant harm. Because of the willful, wanton, malicious and outrageous nature of Ms. Kaufman's accusations and conduct, Mr. Hupfer has been psychologically, economically and reputationally injured in excess of the jurisdictional minimum.

Mr. Hupfer's prayer for relief includes an injunction by the Court against Ms. Kaufman and Ms. Hogan enjoining them from engaging in any further slanderous and defamatory communications. Mr. Hupfer also seeks damages to the full extent allowed by law, including damages, punitive damages, costs, and attorney fees.

**b. Defendant Caroline Kaufman:**

Defendant Caroline Kaufman ("Kaufman") denies all of Plaintiff's allegations. After Kaufman and her late husband found Plaintiff in a bed with several children in their home, they asked him to leave. Kaufman later told Plaintiff that he is a pedophile. Kaufman has not made or published any defamatory statements about Plaintiff to third parties. She has not engaged in any "pattern of harassment" or "extreme and outrageous conduct." The allegations against Kaufman are frivolous, entirely unfounded and have no basis in fact or law.

Plaintiff's defamation claim also fails because the alleged defamatory statements are true or substantially true; Plaintiff's actions indicate that he is attracted to children. Alternatively, the alleged defamatory statements are statements of opinion and are nevertheless privileged by virtue of the family relationship among the parties. Moreover, there has been no publication to third parties. All of Plaintiff's claims fail because there is no causal connection between any conduct by Kaufman and Plaintiff's alleged damages. To the extent Plaintiff has been damaged at all, it is because of his own conduct. Plaintiff's claims are also barred by his unclean hands.

**c. Defendant Mary Hogan:**

Defendant Mary Hogan ("Hogan") is a private investigator who was asked to investigate Plaintiff in connection with potentially inappropriate conduct with minors. Hogan concurs in Kaufman's statement of defenses set forth above

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1) Defendant Caroline Kaufman resides at 3020 Dona Emilia, Studio City, California 91604

2) Caroline Kaufman is Michael Hupfer's first cousin.

3) Caroline Kaufman is the widow of Howard Kaufman of HK Management.

4) On March 23, 2021, Ms. Kaufman texted Mr. Hupfer.

5) Ms. Kaufman has told Mr. Hupfer that he is a pedophile.

6) Ms. Hogan is a private investigator licensed in California.

## 5.   COMPUTATION OF DAMAGES

### a.  Plaintiff:

Where the plaintiff is a private person, and a statement is defamatory per se, damage is presumed and the plaintiff need not plead special damages or prove actual damages. *Denver Publ. Co. v. Bueno*, 54 P.3d 893, 900 (Colo. 2002); *Han Ye Lee v. Colo. Times, Inc.,* 222 P.3d 957, 961 (Colo. App. 2009). General damages are recoverable as a matter of course and require no evidence. *Pagosa Hot Spring, Inc.*, 493 P.2d at 386.

The virulent nature of the false statements made by Ms. Kaufman and Ms. Hogan has caused Mr. Hupfer significant reputational damages, the extent of which Mr. Hupfer is still determining. Mr. Hupfer estimates general damages in the amount of $300,000.00, not including attorney fees, pre- and post- judgment interest, and any punitive damages deemed appropriate by the court.

Mr. Hupfer strongly disagrees with the assertions made by Ms. Kaufman and Ms. Hogan in their assertion of damages. Ms. Kaufman and Ms. Hogan have not suffered any damages

that are not a result of their own tortious actions.

**b. Defendant Caroline Kaufman:**

Plaintiff has not sustained any cognizable damage or injury as a consequence of any act or omission attributable to Kaufman.  Plaintiff's damages, if any, are the result of his own conduct.  This lawsuit is being pursued in bad faith for vexatious reasons for the purpose of harassing Kaufman.  Kaufman is therefore entitled to attorneys' fees and other appropriate costs and expenses.

**c. Defendant Mary Hogan:**

Plaintiff has not sustained any cognizable damage or injury as a consequence of any act or omission attributable to Hogan.  Plaintiff's damages, if any, are the result of his own conduct.  This lawsuit is being pursued in bad faith for vexatious reasons for the purpose of harassing Hogan.  Hogan is therefore entitled to attorneys' fees and other appropriate costs and expenses.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting: December 14, 2021

b. Names of each participant and party represented:

Christine E. Breen and Howard O. Bernstein - Counsel for Plaintiff Michael Hupfer

Casey B. Sypek, Adam Stern, and Alvaro Peralta – Counsel for Defendant Caroline Kaufman

Peter Schaffer and Philip Smith – Counsel for Defendant Mary Hogan

c. Rule 26(a)(1) disclosures will be made no later than: January 11, 2022.

d. <u>Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1)</u>.

The parties propose exchanging disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on January 11th in light of the holiday schedule and counsel for all parties being in and out of the office.

e. <u>Statement concerning any agreements to conduct informal discovery</u>:

No agreements regarding informal discovery have been reached.

f. <u>Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system</u>.

The parties agree to conduct depositions remotely and to use remote deposition software/technology similar or equal to that used by Veritext or other reputable remote deposition providers, with the understanding that all technological issues cannot be avoided.

The parties also agree to utilize a unified exhibit number system. Plaintiff will use numbers 1-299; Defendant Kaufman will use numbers 300-599; and Defendant Hogan will use numbers 600-899.

g. <u>Statement as to whether the parties anticipate that their claims or defense will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form</u>.

The parties do not anticipate an extensive amount of electronically stored information. The parties do anticipate some electronically stored information by way of emails, text messages, and video/audio recordings. In order to facilitate the production of ESI, the parties are discussing a unform protocol for the disclosure of ESI but no agreement has yet been reached.

h. <u>Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.</u>

The parties have expressed the need to review the information provided in initial disclosures before discussing settlement. The parties will openly discuss the potential for settlement during the pendency of the case and evaluate whether a settlement conference or mediation may prove beneficial.

## 7.   CONSENT

All parties **have not** consented to the exercise of jurisdiction of a magistrate judge. The non-consent form was filed on December 29, 2021.

## 8.   DISCOVERY LIMITATIONS

a. <u>Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.</u>

The parties do not propose any modifications to the presumptive number of depositions.

Plaintiff proposes 50 interrogatories per side, as Plaintiff's claims against Defendants are based on egregious conduct by both defendants. Both defendants have played separate roles such that Plaintiff anticipates needing 25 interrogatories for each defendant.

Defendants propose that each party can serve up to 25 interrogatories, per the Federal Rules.  Plaintiff's proposal of 50 interrogatories is excessive and inefficient and Plaintiff's sole rationale for that excessive number of interrogatories  — that Plaintiff's claims are based on "egregious conduct by both defendants" — does not begin to support doubling the number of presumptive limit on interrogatories set forth in FRCP 33(a)(1).  Plaintiff has alleged two simple

tort claims based on allegations involving a few individuals over a short period of time. Increasing the number of interrogatories by 100% is not proportional to the limited scope of the claims and defenses in this action.

    **Court: 25 per side**

    b.  <u>Limitations which any party proposes on the length of depositions.</u>

The parties do not propose any limitation of the length of depositions and accept the 7 hour limit set forth in Fed. R. Civ. P. 30.

    c.  <u>Limitations which any party proposes on the number of requests for production and/or requests for admission.</u>

The parties agree to 25 requests for production per party and 25 admissions per party.

    d.  <u>Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions.</u>

The deadline for service of written discovery is 40 days prior to the fact discovery cut-off date.

    e.  <u>Other Planning or Discovery Orders.</u>

None.

## 9.   CASE PLAN AND SCHEDULE

    a.  <u>Deadline for Joinder of Parties and Amendment of Pleadings</u>: 45 days after the date of the scheduling conference. The parties do not waive any objections they have to the joinder of parties or amendment of the pleadings.

    b.  <u>Discovery Cut-Off</u>: The parties propose a two-tier discovery cut-off bifurcating fact

and expert discovery.

Fact Discovery Cut-Off: September 13, 2022

Expert Witness Discovery Cut-off: November 8, 2022

c.  Dispositive Motion Deadline: December 20, 2022

d.  Expert Witness Disclosure:

1)  *The parties shall identify anticipated fields of expert testimony, if any*.

Plaintiff anticipates a damages expert and an expert in the field of best practices for private investigators. Plaintiff reserves the right to reassess his expert witness needs and areas of subject matter as discovery commences.

Defendant Kaufman anticipates calling a psychiatric/pedophilia expert, a forensic psychiatrist qualified as an independent medical examiner and a damages expert. Kaufman reserves the right to call rebuttal expert witnesses and to reassess her expert witness needs and areas of subject matter as discovery commences.

Defendant Mary Hogan anticipates calling a psychiatric/pedophilia expert, a forensic psychiatrist qualified as an independent medical examiner and a damages expert.  Hogan endeavors to coordinate the retention of such experts with Kaufman to limit, if possible, the aggregate number of experts for both defendants. Hogan also anticipates calling an expert on the proper conduct of a licensed private investigator such Hogan.  Defendants reserve the right to call rebuttal expert witnesses and to reassess their expert witness needs and areas of

subject matter as discovery commences.

2) *Limitations which the parties propose on the use or number of expert witnesses*. In consideration of the proportionality of the case, Plaintiff proposes a limit of two experts per party and a limit of one expert per subject per side.

   **Court: 3 experts per party**

   Defendants propose that there be no limit on the number of experts or, at a minimum, a limit of three (3) experts per party.  Plaintiff's allegations and claimed damages are wide-ranging and touch on areas that require expert opinion to assist the jury.  Defendants Kaufman and Hogan are separate parties with separate legal interests; they are each entitled to call separate expert witnesses.

3) *The parties shall designate all experts and provide opposing counsel and any prose parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before*:  September 30, 2022.

4) *The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before*: October 21, 2022.

e. <u>Identification of Persons to be Deposed</u>:

   Plaintiff's anticipated depositions of fact witnesses:

| Name of Deponent | Identity and Role of Deponent |
|---|---|
| Caroline Kaufman | Defendant |
| Mary Hogan | Defendant |
| | |
| | |
| | |

Plaintiff reserves the right to add additional individuals to this list based on ongoing discovery.

Defendants' anticipated depositions of fact witnesses:

| Name of Deponent | Identity and Role of Deponent |
|---|---|
| Michael Hupfer | Plaintiff |
| William Deignan | Plaintiff's business partner and third-party witness |
| Jerry Shelsta | Plaintiff's former business partner and third-party witness |
| Jim Hupfer | Plaintiff's father and third-party witness |
| Colin Eckhoff | Ex-husband of Plaintiff's close friend and third-party witness |
| Trevor Barnes | Plaintiff's friend's son and third-party witness |
| Unknown | Plaintiff's treating therapist(s) |

Defendants reserve the right to add additional individuals to this list based on ongoing discovery.

## 10. DATES FOR FURTHER CONFERENCES

a.   Status conferences will be held in this case at the following dates and times:
None presently set.

b.   A final pretrial conference will be held in this case on February 15, 2023 at 9:00 a.m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.   Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

b.   Anticipated length of trial and whether trial is to the court or jury.
The parties estimate a five (5) day trial.

c.   Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.
None.

## 12. **NOTICE TO COUNSEL AND PRO SE PARTIES**

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. **AMENDMENTS TO SCHEDULING ORDER**

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this __13th__ day of __January__, 20 __22__.

BY THE COURT:

_____

United States Magistrate Judge

APPROVED: 1/6/2022

_s/ Howard O. Bernstein_

Howard O. Bernstein
Christine E. Breen
Howard O. Bernstein, PC
1111 Pearl Street, Suite 201
Boulder, CO 80302
Telephone:  303.494.3321
howard@bernsteinattorney.com
christine@bernsteinattorney.com

Attorney for Plaintiff

_s/ Casey Sypek_

Casey Sypek
Alvaro Peralta
MILLER BARONDESS LLP
1999 Avenue of the Stars #1000
Los Angeles, CA 90067
310.552.7568
csypek@millerbarondess.com
aperalta@millerbarondess.com

Adam Stern
BRYAN CAVE LEIGHTON PAISNER
LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203-4541
303.866.0359

Attorneys for Defendant Caroline
Kaufman

_s/ Peter Schaffer_

Peter Schaffer
Peter Schaffer PC
400 S. Steele St., Unit 47
Denver, CO  80209
Telephone:  720-998-8880
Peterschaffer8@gmail.com

Phillip M. Smith
Kravit Smith LLP
75 South Broadway, Ste. 400
White Plains, NY  10601
Telephone:  (646) 493-8004
psmith@kravitsmithllp.com

Attorneys for Defendant Mary Hogan