IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02332-LTB-STV

MICHAEL HUPFER,

    Plaintiff,

v.

CAROLINE KAUFMAN

and

MARY HOGAN,

    Defendants.

---

### DEFENDANT MARY HOGAN'S ANSWER TO COMPLAINT

---

Defendant Mary Hogan ("Hogan"), through undersigned counsel, hereby answers Plaintiff Michael Hupfer's ("Plaintiff's") Complaint (Dkt. No. 1) as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as complete diversity exists and the matter in controversy exceeds $75,000, exclusive of interest and costs.

**RESPONSE**: Hogan admits the allegations in paragraph 1 of the Complaint.

2. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred within this judicial circuit.

**RESPONSE**: Hogan admits the allegations in paragraph 2 of the Complaint.

### The Parties

3. Mr. Hupfer resides at 835 South 7th Street, Louisville, CO 80027.

**RESPONSE**:   Hogan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint.

4. Mr. Hupfer is a commercial film producer and music composer and makes his living producing television advertisements and soundtracks for commercial clients.

**RESPONSE**:   Hogan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 of the Complaint.

5. Defendant Caroline Kaufman resides at 3020 Dona Emilia, Studio City, California 91604.

**RESPONSE**:   Hogan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of the Complaint.

6. Defendant Mary Hogan resides at 4514 Adenmoor Avenue, Lakewood, California 90713.

**RESPONSE**:   Hogan denies the allegations in Paragraph 6 of the Complaint.

## Factual Allegations

7. Ms. Kaufman is Mr. Hupfer's first cousin.

**RESPONSE**:   Hogan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint.

8. Ms. Kaufman is the widow of Howard Kaufman of HK Management, who managed artists and music groups such as Jimmy Buffett, Chicago, Aerosmith, Def Leppard and Lenny Kravitz.

**RESPONSE**:   Hogan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint.

9. On March 23, 2021, Ms. Kaufman texted Mr. Hupfer and maliciously accused him of being a pedophile.

**RESPONSE**: Hogan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Complaint.

10. Ms. Kaufman's accusations against Mr. Hupfer are false and unfounded.

**RESPONSE**: Hogan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint.

11. Ms. Kaufman has a history of using her late husband's money, power and influence to bully and intimidate other family members.

**RESPONSE**: Hogan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint.

12. Following her initial accusation, Ms. Kaufman engaged in a pattern of harassment, contacting Mr. Hupfer and people who know him repeatedly, and making slanderous and obscene accusations against him.

**RESPONSE**: Hogan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint.

13. Specifically, Ms. Kaufman made the following false accusations:

a. That Mr. Hupfer is a pedophile;

b. That Ms. Kaufman has surveillance video and audio footage of him performing sexual acts with minors;

c. That Ms. Kaufman's entire family has seen the alleged videos and heard the audio;

d. That William Deignan and Jerry Shelsta walked in on Mr. Hupfer having sex with a minor;

e. That Howard Kaufman, Ms. Kaufman's late husband, kicked Mr. Hupfer

out of their house after catching him sleeping with three minors;

 f. That Ms. Kaufman's daughter, witnessed Mr. Hupfer thrown out of their home by her father after Mr. Hupfer was caught sleeping with minors;

 g. That Mr. Hupfer's sister and her husband told Ms. Kaufman "horror stories" of Mr. Hupfer engaging in illicit acts with minors, and that their adult children relayed the same stories to Ms. Kaufman's daughter.

 h. That there are "nasty photos" of Mr. Hupfer with minors.

**RESPONSE**: Hogan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint.

14. All the accusations in Paragraph 13 above are completely false.

**RESPONSE**: Hogan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint.

15. Ms. Kaufman knew that the accusations detailed in Paragraph 13 above were false.

**RESPONSE**: Hogan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint..

16. Ms. Kaufman's accusations were purposefully insulting, taunting, and provoking to Mr. Hupfer and made with the intent to harass him.

**RESPONSE**: Hogan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint.

17. On March 24, 2021, Ms. Kaufman texted Mr. Hupfer again and threatened him not to get her sister involved or she would contact an alleged FBI Special Agent named Peter Callaghan ("Agent Callaghan") and have Mr. Hupfer arrested.

**RESPONSE**:  Hogan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint.

18. On March 28, 2021, Ms. Kaufman left Mr. Hupfer a threatening voicemail stating Agent Callaghan would be contacting his parents that evening.

**RESPONSE**:  Hogan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint.

19. Later that same day, Ms. Kaufman left a second threatening voicemail for Mr. Hupfer stating that she has nothing to lose and that he cannot do anything to her.

**RESPONSE**:  Hogan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint.

20. Each one of Ms. Kaufman's communications with Mr. Hupfer, beginning with the text on March 23, 2021, has caused him significant emotional distress, which is ongoing.

**RESPONSE**:  Hogan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of the Complaint.

21. Throughout March 2021, Ms. Kaufman spread the malicious and false accusation that Mr. Hupfer is a pedophile to several other individuals. Ms. Kaufman contacted the following people to spread this malicious accusation:

a. On March 23, 2021, Ms. Kaufman contacted her sister, Mr. Hupfer's cousin, and accused Mr. Hupfer of illicit acts with minors, stated she had video and audio of the same and that her entire family had seen and heard the video.

b. On March 28, 2021, Ms. Kaufman emailed Mr. Hupfer's elderly father, Jim Hupfer, and stated Mr. Hupfer was caught sleeping with three minors and kicked

out of her home. She further stated her adult daughter witnessed that alleged event.

c. On March 28, 2021, Ms. Kaufman emailed Jim Hupfer again to state Agent Callaghan would be happy to meet with him.

d. On March 28, 2021, Ms. Kaufman contacted her brother, who is Mr. Hupfer's cousin, and claimed that Mr. Hupfer's former business partner William Deignan walked in on Mr. Hupfer having sex with a minor. Ms. Kaufman also repeated the allegation that Mr. Hupfer was caught sleeping with three minors and kicked out of her home, and that Ms. Kaufman's adult daughter witnessed that alleged event. Ms. Kaufman also made the false allegation that Mr. Hupfer's sister and her husband told Ms. Kaufman "horror stories" about Mr. Hupfer and minors, and that those same stories were relayed by their adult daughter and son to Ms. Kaufman's adult daughter.

e. On March 28, 2021, Ms. Kaufman told her brother that she had shared the malicious accusations about Mr. Hupfer with Jimmy Buffett.

**RESPONSE**: Hogan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the Complaint.

22. Ms. Kaufman knew that her accusations against Mr. Hupfer were false when she shared them with the individuals above.

**RESPONSE**: Hogan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint.

23. On March 28, 2021, two individuals, who were upon information and belief acting in coordination with and at the direction of Ms. Kaufman, called Jim Hupfer

6

impersonating federal law enforcement officers. They alleged there were photographs of Mr. Hupfer engaging in illicit acts with minors and stated the FBI will be arresting him within 24 hours.

**RESPONSE**: Hogan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Complaint.

24. On May 20, 2021, a private investigator hired by Ms. Kaufman, Mary P. Hogan, contacted Jerry Shelsta, Mr. Hupfer's former business partner, attempting to verify whether Mr. Shelsta and another former business partner, William Deignan, had ever walked in on Mr. Hupfer engaging in illicit acts with a minor. Mr. Shelsta informed Ms. Hogan he had not and that he had no knowledge of Mr. Hupfer engaging in any illicit acts with minors.

**RESPONSE**: Hogan denies the allegations in paragraph 24 of the Complaint.

25. On May 20, 2021, Ms. Hogan, also contacted William Deignan attempting to verify whether Mr. Deignan and Mr. Shelsta ever walked in on Mr. Hupfer engaging in illicit acts with a minor. Mr. Deignan informed Ms. Hogan they had not and that he had no knowledge of Mr. Hupfer engaging in any illicit acts with minors.

**RESPONSE**: Hogan denies the allegations in Paragraph 25 of the Complaint, except that Hogan admits that she contacted Mr. Deignan on May 20, 2021.

26. On May 26, 2021, Ms. Hogan, contacted Colin Eckhoff, the ex-husband of Mr. Hupfer's close friend, and stated that she is investigating Mr. Hupfer for allegedly sleeping with minors.

**RESPONSE**: Hogan denies the allegations in Paragraph 26 of the Complaint.

27. On May 26, 2021, Ms. Hogan, contacted Trevor Barnes, Mr. Hupfer's

childhood friend's grown son, and stated that she is investigating Mr. Hupfer for allegedly sleeping with minors.

**RESPONSE**:  Hogan denies the allegations in Paragraph 27 of the Complaint.

28. In her communications, Ms. Hogan made the repeated false allegation that Mr. Hupfer had had sex with minors.

**RESPONSE**:  Hogan denies the allegations in Paragraph 28 of the Complaint.

29. Each individual contacted by Ms. Hogan told other individuals of the malicious and false allegations that Ms. Kaufman made against Mr. Hupfer. As a result of Ms. Hogan spreading Ms. Kaufman's malicious and false allegations, those allegations have been shared with a wide network of people.

**RESPONSE**:  Hogan denies the allegations in Paragraph 29 of the Complaint.

30. Ms. Hogan made statements alleging Mr. Hupfer engaged in illicit activities with minors with reckless disregard for whether or not Ms. Kaufman's accusations were false.

**RESPONSE**:  Hogan denies the allegations in Paragraph 30 of the Complaint.

31. At all times, Ms. Kaufman's accusations have been false. Mr. Hupfer has never, and would never, engage in the type of conduct Ms. Kaufman has accused him of.

**RESPONSE**:  Hogan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint.

32. The dissemination of the malicious and false allegations against Mr. Hupfer has caused, and continues to cause, him significant emotional distress and has strained his relationships with friends and family.

**RESPONSE**: Hogan denies the allegations in paragraph 32 of the Complaint to the extent they purport to pertain to Hogan and Hogan otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint.

33. Mr. Hupfer has also suffered significant professional harm because of the malicious and false allegations against him. Ms. Kaufman has intentionally sought to harm Mr. Hupfer's professional reputation by contacting others within the industry, like Jimmy Buffett and his previous business partners.

**RESPONSE**: Hogan denies the allegations in paragraph 33 of the Complaint to the extent they purport to pertain to Hogan and Hogan otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint.

34. The reputational harm caused by Ms. Kaufman's accusations is far reaching, impacting all areas of Mr. Hupfer's life.

**RESPONSE**: Hogan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Complaint.

35. Mr. Hupfer has had significant reduction in his client work because of the allegations against him and their impact on his life, resulting in lost earnings.

**RESPONSE**: Hogan denies the allegations in paragraph 35 of the Complaint to the extent they purport to pertain to Hogan and Hogan otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Complaint.

36. Because of Ms. Kaufman and Ms. Hogan's dissemination of the malicious

and false accusations against Mr. Hupfer, he has experienced depression, stress, and sleep disorder. Mr. Hupfer is seeking treatment for depression, stress, sleep disorder, and other negative health impacts caused by the malicious and false allegations.

**RESPONSE**: Hogan denies the allegations in paragraph 36 of the Complaint.

37. Ms. Kaufman and Ms. Hogan have knowingly and intentionally spread the malicious and false allegations against Mr. Hupfer knowing they were false and with reckless disregard for the truth.

**RESPONSE**: Hogan denies the allegations in paragraph 37 of the Complaint.

38. Mr. Hupfer has not been charged with any crime by law enforcement and there are no open investigations against him.

**RESPONSE**: Hogan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Complaint.

## FIRST CLAIM FOR RELIEF

**(Defamation – Slander Per Se as to Defendant Kaufman)**

39. Mr. Hupfer incorporates herein all facts as fully set forth in paragraphs 1 through 33 above.

**RESPONSE**: Hogan denies the allegations in paragraph 39 of the Complaint.

40. Ms. Kaufman caused several accusations asserting Mr. Hupfer is a pedophile to be published to multiple third parties and circulated widely through Mr. Hupfer's family, friends, and professional network.

**RESPONSE**: Hogan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 of the Complaint.

41. Ms. Kaufman's accusations have caused Mr. Hupfer actual damage,

including reputational harm, emotional harm, deteriorated health, and damage to his personal and business relationships.

**RESPONSE**:  Hogan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 of the Complaint.

42.    The substance of Ms. Kaufman's accusations are false.

**RESPONSE**:  Hogan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 of the Complaint.

43.    Ms. Kaufman knew at the time she was making the accusations against Mr. Hupfer that those allegations were false and made the accusations with the intent of causing Mr. Hupfer significant harm.

**RESPONSE**:  Hogan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 of the Complaint.

44.    Because of the willful, wanton, malicious and outrageous nature of Ms. Kaufman's accusations and conduct, Mr. Hupfer has been psychologically, economically and reputationally injured in excess of the jurisdictional minimum.

**RESPONSE**:  Hogan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of the Complaint.

## SECOND CLAIM FOR RELIEF

**(Defamation – Slander Per Se as to Defendant Hogan)**

45.    Mr. Hupfer incorporates herein all facts as fully set forth in paragraphs 1 through 43 above.

**RESPONSE**:  Hogan denies the allegations in paragraph 45 of the Complaint.

46.    Ms. Hogan caused several accusations asserting Mr. Hupfer is a

pedophile to be published to multiple third parties and circulated widely through Mr. Hupfer's family, friends, and professional network.

**RESPONSE**:  Hogan denies the allegations in paragraph 46 of the Complaint.

47.     Ms. Hogan repeated false accusations originally made by Ms. Kaufman, causing Mr. Hupfer actual damage, including reputational harm, emotional harm, deteriorated health, and damage to his personal and business relationships.

**RESPONSE**:  Hogan denies the allegations in paragraph 47 of the Complaint.

48.     The substance of the accusations Ms. Hogan published is false.

**RESPONSE**:  Hogan denies the allegations in paragraph 48 of the Complaint.

49.     Ms. Hogan acted with reckless disregard as to whether the accusations against Mr. Hupfer were false.

**RESPONSE**:  Hogan denies the allegations in paragraph 49 of the Complaint.

50.     Because of the willful, wanton, malicious and outrageous nature of the accusations, and the reckless behavior of Ms. Hogan, Mr. Hupfer has been psychologically, economically and reputationally injured in excess of the jurisdictional minimum.

**RESPONSE**:  Hogan denies the allegations in paragraph 50 of the Complaint.

## THIRD CLAIM FOR RELIEF

**(Extreme and Outrageous Conduct – Emotional Distress as to all Defendants)**

51.     Mr. Hupfer incorporates herein all facts as fully set forth in paragraphs 1 through 49 above.

**RESPONSE**:  Hogan denies the allegations in paragraph 51 of the Complaint.

52.     Ms. Kaufman and Ms. Hogan, each individually and together, engaged in

extreme and outrageous conduct by originating and spreading malicious accusations against Mr. Hupfer of an extreme nature.

**RESPONSE**:  Hogan denies the allegations in paragraph 52 of the Complaint.

53. Ms. Kaufman and Ms. Hogan, each individually and together, engaged in such conduct recklessly and with the purpose of causing Mr. Hupfer severe emotional distress.

**RESPONSE**:  Hogan denies the allegations in paragraph 53 of the Complaint.

54. Ms. Kaufman and Ms. Hogan, each individually and together, were aware of the extreme nature of the accusations and the correspondingly severe impact they would have on Mr. Hupfer's personal life and career.

**RESPONSE**:  Hogan denies the allegations in paragraph 54 of the Complaint.

55. Ms. Kaufman and Ms. Hogan's individual and joint conduct has caused Mr. Hupfer severe emotional distress.

**RESPONSE**:  Hogan denies the allegations in paragraph 55 of the Complaint.

## FOURTH CLAIM FOR RELIEF

### (Harassment as to Defendant Kaufman)

56. Mr. Hupfer incorporates herein all facts as fully set forth in paragraphs 1 through 54 above.

**RESPONSE**:  Hogan denies the allegations in paragraph 56 of the Complaint.

57. Ms. Kaufman engaged in a pattern of behavior to harass Mr. Hupfer.

**RESPONSE**:  Hogan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 of the Complaint.

58. Ms. Kaufman contacted Mr. Hupfer repeatedly over phone and text to

accuse him of being a pedophile, threatened to have him arrested, and intimidated him.

**RESPONSE**:  Hogan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 of the Complaint.

59. Ms. Kaufman also contacted Mr. Hupfer's family and friends over phone and email to spread malicious accusations about Mr. Hupfer, undermining his personal and business relationships.

**RESPONSE**:  Hogan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 of the Complaint.

60. Ms. Kaufman's communications were made in a manner intended to harass Mr. Hupfer and make obscene suggestions about him.

**RESPONSE**:  Hogan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 of the Complaint.

61. Ms. Kaufman's communications were insulting, threatening, and offensively coarse, and made in a manner likely to provoke a disorderly response.

**RESPONSE**:  Hogan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 of the Complaint.

62. Ms. Kaufman's harassing communications have caused Mr. Hupfer severe harm, including reputational harm, emotional harm, deteriorated health, and damage to his personal and business relationships.

**RESPONSE**:  Hogan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 of the Complaint.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a valid claim upon which relief may be granted.

2. Plaintiff's claims fail because the allegedly defamatory statements are true or substantially true.

3. Plaintiff's claims fail because the allegedly defamatory statements are statements of opinion.

4. Plaintiff's claims fail because no causal connection exists between Hogan's conduct and the alleged damages.

5. Plaintiff's claims fail because Hogan was privileged and/or qualifiedly privileged to make the statements she did relating to Plaintiff.

6. Plaintiff has not sustained any cognizable damage or injury as a consequence of any act or omission allegedly attributable to Hogan.

7. Plaintiff has failed to reasonably mitigate his damages, if any, and has failed to exercise due diligence in an effort to mitigate his damages, and to the extent of such failure to mitigate, any damages awarded to Plaintiff should be reduced accordingly.

8. Plaintiff's damages, if any, are the result of Plaintiff's own unlawful and intentional and/or negligent conduct.

9. Plaintiff's damages, if any, are not to the extent and nature as alleged by the Plaintiff.

10. Plaintiff's damages, if any, were caused by the superseding and intervening acts and omissions of persons for whose conduct Hogan is not responsible.

Hogan reasonably relied on the representations by Defendant Kaufman concerning Plaintiff's conduct.

11. Plaintiff's claims are barred, in whole or in part, because Hogan's conduct was not wrongful or otherwise unlawful.

12. Plaintiff's claims are barred, in whole or in part, as a result of Plaintiff's bad faith.

13. Hogan has acted reasonably and in good faith under the circumstances known to Hogan and relied on the representations of Kaufman and others.

## PRAYER FOR RELIEF

WHEREFORE, Hogan respectfully prays that this Court enter judgment in her favor against Plaintiff on the claims for relief set forth in Plaintiff's Complaint, and award Hogan her costs and attorney fees to the extent permitted by law, and for such other relief as this Court deems just and proper.

Dated:  January 25, 2022

PETER SCHAFFER PC
400 S. Steele St., Unit 47
Denver, Colorado 80209
Telephone: (720) 998-8880
Facsimile: (303)282-0988
peterschaffer8@gmail.com

-and-

KRAVIT SMITH LLP

By: */s/ Philip M. Smith*
    Philip M. Smith

75 South Broadway, Suite 400
White Plains, New York 10601
Telephone: (646) 493-8004
psmith@kravitsmithllp.com

*Attorneys for Defendant Mary Hogan*

17

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 25th day of January, 2022, a true and correct copy of **DEFENDANT MARY HOGAN'S ANSWER TO THE COMPLAINT** was served and filed using the CM/ECF system on the following:

Howard O. Bernstein
Christine Breen
HOWARD O. BERNSTEIN P.C.
1111 Pearl Street, Suite 203
Boulder, Colorado 80302
howard@bernsteinattorney.com
christine@bernsteinattorney.com

*Attorneys for Plaintiff*

Casey B. Sypek
Alvaro Peralta
MILLER BARONDESSLLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, CA 90067
csypek@millerbarondess.com
aperalta@millerbarondess.com

*Attorneys for Defendant Caroline Kaufman*

Adam Stern
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203-4541
adam.stern@bclplaw.com

*Attorneys for Defendant Caroline Kaufman*

                                              /s/Philip M. Smith
                                                Philip M. Smith